Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

LUIS MEJIA, individually and on behalf of all others similarly situated,

                      Plaintiff,

    -against-

JOSE I. LANDSCAPING INC., and JOSE CANALES, as an individual,

                      Defendants.

-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **LUIS MEJIA,** individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **LUIS MEJIA,** individually and on behalf of all others similarly situated, through undersigned counsel, brings this action against **JOSE I. LANDSCAPING INC., and JOSE CANALES, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at JOSE I. LANDSCAPING INC., located at 192 Asbury Ave., Carle Place, NY 11514.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff LUIS MEJIA residing at Westbury, NY 11590 was employed by Defendants at JOSE I. LANDSCAPING INC., from in or around December 2019 until in or around June 2023.

9. Upon information and belief, Defendant, JOSE I. LANDSCAPING INC., is a corporation organized under the laws of New York with a principal executive office at 192 Asbury Ave., Carle Place, NY 11514.

10. Upon information and belief, Defendant, JOSE I. LANDSCAPING INC., is a corporation authorized to do business under the laws of New York.

11. Upon information and belief, Defendant JOSE CANALES owns and operates JOSE I. LANDSCAPING INC.

12. Upon information and belief, Defendant JOSE CANALES is an agent of JOSE I. LANDSCAPING INC.

13. Upon information and belief, Defendant JOSE CANALES is responsible for overseeing the daily operations of JOSE I. LANDSCAPING INC.

14. Upon information and belief, Defendant JOSE CANALES has power and authority over personnel decisions at JOSE I. LANDSCAPING INC., including Plaintiff.

15. Upon information and belief, Defendant JOSE CANALES has power and authority over payroll decisions at JOSE I. LANDSCAPING INC., including Plaintiff.

16. Upon information and belief, Defendant JOSE CANALES has the power and authority to hire and fire employees at JOSE I. LANDSCAPING INC. establish and pay their

     wages, set their work schedule, and maintain their employment records, including Plaintiff.

17. Accordingly, during all relevant times herein, Defendant JOSE CANALES was Plaintiff's employer within the meaning of the FLSA and NYLL.

18. On information and belief, JOSE I. LANDSCAPING INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

19. Plaintiff LUIS MEJIA was employed by Defendants at JOSE I. LANDSCAPING INC. as a mason, brick worker and laborer, while performing related miscellaneous duties, from in or around December 2019 until in or around June 2023.

20. During Plaintiff's employment with the Defendants, Plaintiff regularly worked three (3) days per week from in and around December 2019 until in or around December 2022 and six (6) days per week from in or around January 2020 until in or around June 2023.

21. Plaintiff LUIS MEJIA regularly worked a schedule of shifts beginning at approximately 8:00 a.m. each workday and regularly ending at approximately 5:00 p.m., or later, from in or around December 2019 until in or around June 2023.

22. Thus, Plaintiff was regularly required to worked approximately twenty-seven (27) hours or more hours each week from in or around December 2019 until in or around December 2022, and approximately fifty-four (54) hours or more hours each week from in or around January 2023 until in or around June 2023.

23. During Plaintiff LUIS MEJIA'S employment by the Defendants, Plaintiff was paid approximately $125.00 per day for all hours worked from in or around December 2019 until in or around December 2022, and approximately $150.00 per day for all hours worked from in or around January 2023 until in or around June 2023.

24. Defendants failed to pay Plaintiff LUIS MEJIA the legally prescribed minimum wage for his hours worked from in or around January 2019 until in or around December 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL..

25. Although Plaintiff LUIS MEJIA regularly worked approximately fifty-four (54) hours or more hours each week from in or around January 2023 until in or around June 2023, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

26. Additionally, Defendants paid Plaintiff on a bi-weekly basis, failing to timely pay Plaintiff for his first week of wages from in or around January 2023 until in or around June 2023 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

27. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

28. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

29. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English and Spanish, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

30. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

31. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiff bring this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

33. Collective Class: All persons who are or have been employed by the Defendants as masons, brick workers, laborers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

34. Upon information and belief, Defendants employed approximately 10 to 15 employees within the relevant time period who were subjected to similar payment structures.

35. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

36. Defendants' unlawful conduct has been widespread, repeated, and consistent.

37. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

38. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

39. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

40. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

41. The claims of Plaintiff are typical of the claims of the putative class.

42. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

43. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

44. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

45. Plaintiff have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

46. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

47. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

48. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

49. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

50. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

51. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

52. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

53. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which

Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

54. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

55. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

56. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

57. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

58. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

59. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

60. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

61. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

### FOURTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New Yor Labor Law

62. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

7

63. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

64. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

65. Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## FIFTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

66. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

67. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

68. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

71. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid minimum wages;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs unpaid wages for Defendants' failure to timely pay Plaintiffs' wages;

f. Awarding Plaintiff prejudgment and post-judgment interest;

g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

h. Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Kew Gardens, NY.
August 4, 2023

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUIS MEJIA, individually and on behalf of all others similarly situated,

                          Plaintiff,

-against-

JOSE I. LANDSCAPING INC., and JOSE CANALES, as an individual,

                          Defendants.

## COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiff
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**Service via Secretary of State:**
**JOSE I. LANDSCAPING INC. (NYDOS ID# 2861682)**
192 Asbury Ave., Carle Place, NY 11514

**Via Personal Service:**
**JOSE I. LANDSCAPING INC.**
192 Asbury Ave., Carle Place, NY 11514

**JOSE CANALES**
192 Asbury Ave., Carle Place, NY 11514