

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

---

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

May 22, 2025

**Via ECF**
The Honorable James M. Wicks, U.S.M.J
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

         Re:    **Mejia v. Jose I. Landscaping Inc. et al.**
                  Civil Case No.: 2:23-cv-05936-SJB-JMW

Dear Judge Wicks:

      Our office represents Luis Mejia ("Mejia"), individually and on behalf of all others similarly situated, ("Plaintiff"), and we respectfully submit this motion jointly with counsel for Jose I. Landscaping Inc. (hereinafter, "Jose I. Landscaping"), and Jose Canales ("Canales"), as an individual (collectively, the "Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' settlement agreement ("Settlement Agreement"), attached hereto as **Exhibit 1**, were reached during the parties' settlement conference held on April 23, 2025 with all parties present.

      The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiff's counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

     I.    **The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

       a.  **The Settlement Amount**

      The parties agreed to resolve all claims asserted in this action, including Plaintiff's counsel's attorneys' fees, which are addressed below, for the global amount of $20,000.00.

### b. Plaintiff's Position

Plaintiff commenced this collective action on August 7, 2023, to recover damages against the Defendants as a result of not being paid overtime wages despite Plaintiff's regularly working for Defendants in excess of 40 hours per week, minimum wages, and liquidated damages for Defendants' failure to timely pay Plaintiffs' wages, in violation of the Fair Labor Standards Act ("FLSA"), and the New York Labor Laws and related state regulations (collectively, "NYLL"), and statutory damages resulting from Defendants' WTPA violations under the NYLL for failure to provide the Plaintiff with any written wage notices, in English, and in Spanish (the Plaintiff's primary language) of his regular and overtime rates of pay, regular pay day, and all such other information as required by NYLL § 195(1); and Defendants' willful failure to provide Plaintiff with NYLL-compliant wage statements upon each payment of his wages, as mandated by NYLL § 195(3), et seq.

Plaintiff alleged he was employed at Defendants' place of business located at 192 Asbury Ave., Carle Place, NY 11514, during various times herein.

Plaintiff alleged that he was employed by Defendants at Jose I. Landscaping from in or around December 2019 through June 2023 with primary job duties and tasks as a mason, brick worker, and laborer, while performing related miscellaneous duties and tasks for the Defendants, at the instructions and orders of the individual Defendant.

Plaintiff alleged that he was regularly required to work approximately twenty-seven (27) hours or more hours each week from in or around December 2019 until in or around December 2022, and approximately fifty-four (54) hours or more hours each week from in or around January 2023 until in or around June 2023.

However, Plaintiff alleged that he was paid by Defendants a flat daily rate of approximately $125.00 per day for all hours worked from in or around December 2019 until in or around December 2022, and approximately $150.00 per day for all hours worked from in or around January 2023 until in or around June 2023. Plaintiff was paid exclusively in cash. Plaintiff alleges that he did not receive the legally prescribed minimum wage from in or around December 2019 until in or around December 2022.

During the mediation and discovery process, the parties took depositions of the Plaintiff and Defendant. Based on Plaintiff's allegations in the Complaint and his later deposition testimony, we believed that Plaintiff could establish that he was owed an approximate total of $45,000.00 for unpaid wages, liquidated damages and statutory penalties. However, there were sharp factual disputes particularly as to the dates of Plaintiff's employment and how many days that Plaintiff worked for Defendants.

Although Plaintiff was confident that he could prevail on all of his claims should this matter have proceeded to trial, Plaintiff's preference was for a guaranteed outcome via Court-approved settlement. Settlement at this juncture avoids the inherent risks and costs of litigation and allows Plaintiff to recover a guaranteed sum in the near future as opposed to the uncertainty of recovery at a much later date in the future. Most importantly, however, Plaintiff considered Defendants'

dire financial status as supported by financial records and information provided during the lengthy negotiation process.

Based on all of the above, Plaintiff believes that the settlement is a fair and reasonable resolution as to their wage claims.

### c. The Settlement Amount is Fair and Reasonable

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter against the Defendants for $20,000.00. The settlement amount was only achieved after multiple Court-annexed mediations and during the parties' Settlement Conference before the Honorable Court on April 23, 2025. The parties had genuine, bona fide disputes over the dates of Plaintiff's employment, the hours worked by Plaintiff, and the pay received by Plaintiff, but both sides negotiated in good faith to resolve these disputes with a fair and reasonable settlement amount. Moreover, the settlement amount accounts for the Defendants' financial realities.

## II. The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 7 of the Settlement Agreement is appropriately tailored to claims under the FLSA, NYLL and their associated regulations. The Release does not raise any concerns regarding unequal bargaining power between Plaintiff and Defendants, and the Release is not overbroad such that there is a concern that Plaintiff is releasing any and all possible claims against Defendants, including claims unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude Plaintiff from openly discussing his experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

### III.    Distribution to Plaintiff and Requested Attorneys' Fees and Expenses

#### a. Distribution to Plaintiff

The parties agreed to a global settlement of $20,000.00 to resolve all claims asserted against the Defendants in this action. If the Agreement is approved by the Court, Plaintiff will recover $12,399.14 after the requested attorneys' fees and expenses.

#### b. Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $1,401.30 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the costs of service of the Summons and Complaint on all Defendants: $303.00
- the costs of Court Reporter: $508.30
- the costs of Interpreter: $188.00

Additionally, Plaintiff's counsel respectfully requests one-third of the settlement less the expenses ($18,598.70), or $6,199.56 in attorneys' fees, as agreed upon in Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $7,600.86.

As such, the settlement funds as broken down into its component parts is as follows:

**Settlement Amount:** $20,000.00
**Attorneys' Expenses:** $1,401.30
**Net Settlement Amount:** $18,598.70 ($20,000.00 - $1,401.30)
**Requested Attorneys' Fees:** $6,199.56 ($18,598.70 / 3)
**Total payable to Attorneys:** $7,600.86 ($6,199.56 + $1,401.30)
**Total payable to Plaintiff:** $12,399.14 ($20,000.00 - $7,600.86)

Plaintiff's attorneys and their client have a retainer agreement that is reduced to writing and is signed by the client. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

       This request for attorneys' fees is supported by the work performed by Plaintiff's counsel throughout the litigation and the recovery secured through their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff. Lastly, in support of this fee request, we attach hereto Plaintiff's counsel's billing records, qualifications and lodestar calculation of attorneys' fees as **Exhibit 2**.

### IV.   Closing

       In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of negotiations during the parties settlement conference. As such, we respectfully request that the Court approve the Settlement Agreement. We thank the Court for its consideration and remain available to provide any additional information.

                                   Respectfully submitted,

                                   *James O'Donnell*
                                   James O'Donnell, Esq.