UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------X

LUIS MEJIA, *individually and on behalf of all*
*others similarly situated*,

                              *Plaintiff*,


        -against-



  JOSE I. LANDSCAPING INC. and JOSE
  CANALES, *as an individual*,

                              *Defendants*.

-------------------------------------------X

**FILED**
**CLERK**

**4/14/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**


**MEMORANDUM**
**AND ORDER**

23-cv-05936 (JMW)


**A P P E A R A N C E S:**

> Katelyn Marie Schillaci
> Zubair Tahir
> Roman M. Avshalumov
> Elisabeth Cimi
> **Helen F. Dalton & Associates**
> 80-02 Kew Gardens Road, Suite 601
> Kew Gardens, NY 11415
> *Attorneys for Plaintiff*
>
> Martin Silver
> Mohammad Junaid
> **Martin Silver P.C.**
> 330 Motor Parkway
> Hauppauge, NY 11788
> *Attorney for Defendants*

**WICKS,** Magistrate Judge:

Before the Court is the alleged breach of a court-approved settlement agreement

under *Cheeks v. Freeport Pancake House*.  The Court retained jurisdiction over the

matter following approval of the settlement (*see* ECF No. 26; ECF No. 26-1).  The

question presented here, however, is whether a judgment may be entered against

1

Defendants pursuant to a Confession of Judgment provision contained in the Settlement Agreement notwithstanding that Defendants never executed the Confession of Judgment document but did execute the Settlement Agreement.

Plaintiff Luis Mejia ("Plaintiff") commenced this collective action on August 4, 2023 asserting causes of action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") against Defendant Jose I. Landscaping Inc. and Jose Canales (collectively, "Defendants") for their alleged failure to pay overtime wages, minimum wages, and based on their failure to comply with frequency of pay requirements, notice and recordkeeping requirements, and wage statements requirements. (*See generally* ECF No. 1.)

Following a mediation before Michael A. Levy on June 20, 2024, and a settlement conference before the Court on April 23, 2025, the case settled for $20,000.00. The parties then filed their motion for settlement approval pursuant to *Cheeks v. Freeport Pancake House, Inc.* on May 22, 2025, together with their fully executed Settlement Agreement (*see* ECF No. 26; ECF No. 26-1) and consented to the undersigned for all purposes. (ECF Nos. 28-29.) Shortly thereafter, the Court granted the parties' motion for settlement approval after finding that the Settlement Agreement reflected "a reasonable and fair compromise of the various disputed issues and not simply a waiver of statutory rights brought about by an employer's overreaching." (Electronic Order dated June 17, 2025) (citation omitted).  The Court retained jurisdiction to enforce the Settlement Agreement. (ECF No. 26-1 at p. 3.)

The Settlement Agreement provides, in relevant part, that Defendants shall pay Plaintiff the agreed upon $20,000.00 in "thirty (30) equal monthly installments of Six Hundred Sixty-Six Dollars and Sixty-Seven Cents ($666.67)" with the first installment to be paid within thirty days of the Court approval of the Settlement Agreement and the remainder of the payments due at the

first of each month for thirty months until the amount is paid in full. (*See* ECF No. 26-1,

Settlement Agreement 1(a)(i)). Each payment made by Defendants would consist of "one check

payable to Luis Mejia" for $413.31 and "one check payable to Helen F. Dalton & Associates

P.C." in the amount of $253.36. (*Id.*)

The following provision of the Settlement Agreement—the Confession of Judgment

clause—provides in relevant part that:

> Upon signing of this settlement agreement, Defendants shall execute a Confession of Judgment, jointly and severally, in the amount of **Forty Thousand Dollars and Zero Cents ($40,000.00),** less total amount of any payments made pursuant to this Agreement, and counsel for the Plaintiff, Helen F. Dalton & Associates, P.C. shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 1. Thus, in the event of a default and failure to cure such default in accordance with 2(b), the amount of such judgment shall at times be equal to $40,000.00 less the total amount of any payments made.
>
> In the event Defendants are in default of any of the payments or fail to provide the post-dated checks as specified in Paragraph 1 of this Agreement, Plaintiff shall provide seven (7) calendar days written notice to Defendants' counsel, Martin Silver, Esq., via electronic mail **(mspc@martinsilverlaw.com)** of the default. If Defendants do not cure the defect within seven (7) calendar days of receipt of the notice, then all settlement monies owed under this Agreement shall be immediately due in their entirety.
>
> In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiff for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.
>
> Should the Confession of Judgment be entered under this section, Defendants shall be jointly and severally liable for the amount set forth in the Confession of Judgment.

(*Id.*, Confession of Judgment (a)-(d)) (emphasis in original).

The parties are now before the Court on Plaintiff's motion to "enter Judgment"

for a "sum certain" against Defendants pursuant to the Settlement Agreement and "*not* to

enforce the Agreement terms through further litigation against Defendants." (ECF No. 31

3

at p. 2 (emphasis in original)). According to Plaintiff, Defendants have only paid the first installment payment of $666.67 on August 19, 2025 and none since, thereby defaulting on their payment obligations under the Settlement Agreement. (*Id.*) On October 13, 2025, and pursuant to the Confession of Judgment provision of the Settlement Agreement, counsel for Plaintiff notified counsel for Defendants via email regarding this default. (*See id.*) Counsel for Plaintiff emailed counsel for Defendants again on November 10, 2025, and January 5, 2026. (*Id.*) To date, counsel for Plaintiff has not received any response or any further payment in accordance with the Settlement Agreement. (*See id.*)

Accordingly, Plaintiff requests that the Court "enter Judgment against the Defendants in the liquidated amount of $39,333.33 ($40,000.00 - $666.67) in addition to attorneys' fees and statutory costs in connection with moving for such judgment, and due to the Defendants' breach of the parties' Settlement Agreement." (*Id.*; ECF No. 31-2.) In addition, Plaintiff "requests post-judgment interest at the rate set forth in 28 U.S.C. § 1961 and fifteen percent (15%) penalty for any unpaid amount of the judgment still pending after ninety days, as provided for in NYLL § 198(4)." (ECF No. 31 at p. 2; ECF No. 31-2.) Though they were afforded the opportunity to do so, Defendants have not opposed Plaintiff's motion. (Electronic Order dated February 5, 2026.) Oral argument on Plaintiff's motion was held on April 14, 2026. Although counsel for Defendants appeared at oral argument, counsel offered no opposition to the motion.[1]

Counsel for Plaintiff notes that he has not yet received a signed and notarized copy of the Confession of Judgment from Defendants. (*See* ECF No. 32; ECF No. 32-1 (Proposed Confession of Judgment)). The question, therefore, is whether judgment can be

---

[1] Counsel for Defendants represented that efforts to contact and communicate with Defendants has been to no avail.  Defendants, according to counsel, have been unresponsive to counsel's requests.

4

entered against Defendants pursuant to the Confession of Judgment provision of the Settlement Agreement despite the fact that Defendants have not yet executed that Confession of Judgment.

### DISCUSSION

"A district court has the power to enforce summarily on motion, a settlement agreement reached in a case that was pending before it." *Milner v. City of New York*, No. 10 Civ. 9384, 2012 WL 3138110, at \*3 (S.D.N.Y. Aug 2, 2012) (quoting *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)); *Salto v. Alberto's Constr., LLC*, No. 17 Civ. 3583 (PED), 2020 WL 4383674, at \*4 (S.D.N.Y. July 31, 2020) (enforcing settlement agreement in FLSA/NYLL case).

"A settlement agreement is a contract that is interpreted according to general principles of contract law. Once entered into, the contract is binding and conclusive." *Powell v. Omnicom, BBDO/PHD,* 497 F.3d 124, 128 (2d Cir. 2007). "It is a fundamental principle of contract law that a person who signs a contract is presumed to know its terms and consents to be bound by them." *Preston Frankford Shopping Ctr. Dallas, Tx. Ltd. P'ship v. Butler Dining Servs., LLC,* 757 F. Supp. 2d 248, 252 (W.D.N.Y. 2010). Under New York law, settlement agreements "receive a presumption in favor of enforcement and will not be disturbed by a change of heart of one of the parties." *Martinez v. Rockwood*, No. 23 Civ. 10058 (GS), 2025 WL 459893, at \*3 (S.D.N.Y. Feb. 11, 2025) (citation and quotations omitted). Indeed, settlement agreements "should be interpreted according to their plain meaning in the absence of contractual ambiguity." *Febus v. Guardian First Funding Group, LLC*, 90 F. Supp. 3d 240, 245 (S.D.N.Y. 2015) (citing *Law Debenture Trust Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d

Cir. 2010) and *Wayland Inv. Fund, LLC v. Millenium Seacarriers Inc.*, 111 F. Supp. 2d 450, 454 (S.D.N.Y. 2000)).

    i.    **Judgment is Entered Against Defendants for $39,333.33**

Plaintiff requests that judgment be entered against Defendants for the total sum of $39,333.33. This amount is arrived at based upon the $40,000 Confession of Judgment provision, following Defendants' default minus the amount paid by Defendants thus far, $666.67. (ECF No. 31-2.)

The circumstances presented here are strikingly similar to those in *Febus v. Guardian First*, where the court enforced the settlement agreement, enforced a confession of judgment despite defendant's failure to execute or return the confession of judgment. 90 F. Supp. 3d at 249. There, the parties agreed to settle their FLSA and NYLL claims for $850,000 and executed a Memorandum of Understanding ("MOU") reflecting the terms of the settlement which required that the $850,000 be paid out in four installments. *See id.* at 243. In the MOU, defendants agreed to execute a confession of judgment whereby they would confess to a certain judgment in the event of a default. *See id.* at 244. Specifically, the MOU stated:

> Each Defendant agrees to execute a confession of judgment relating to his portion of the settlement. In each confession of judgment, Defendants agree that if they fail to make any settlement payments due they confess to a judgment in the amount of 30% more than their share of the total settlement under this agreement, which shall be due and fully payable as of that date of default (minus any sums they already paid pursuant to this settlement agreement). There shall be a 30 day written notice cure period. Defendants agree that this confessed amount shall be a fair value for the claims asserted in this action, and understand that the settlement reached was a compromise of those claims due to Defendants' financial status.

*Id.* at 248 (citing MOU at p. 1).

6

Following defendant's failure to pay one of the installments and following plaintiffs' counsel putting him on notice that he had thirty days to cure his default pursuant to the MOU, the defendant did not cure the default forcing plaintiff to move to enforce the settlement agreement against the defendant and "enter judgment" for a sum certain and for prejudgment interest. *Id.* at 244-45. As of the filing of the motion, the defaulting defendant had not executed the confession of judgment.

The court granted plaintiffs' motion to enforce the settlement agreement and directed defendant to pay the defaulted payments to plaintiffs. *Id.* at 250. In doing so, the court rejected defendant's argument that he was not subject to the confession of judgment since he did not ultimately execute the confession of judgment. *See id.* at 248. Indeed, the Hon. Sidney H. Stein noted that the MOU's provision that each defendant confesses to a certain judgment if in default was "binding and enforceable" considering the defaulting defendant signed the MOU—which expressly provided that he agreed to execute the confession of judgment—thereby demonstrating a "meeting of the minds" and the parties' intent "to be bound by the confession of judgment *even without its subsequent execution*. *Id.* at 249 (emphasis added). Indeed, the defaulting defendant could not "evade the very purpose of a confession of judgment—to avoid motion practice between the parties—by agreeing in a signed Settlement Agreement to enter into the confession of judgment and then simply refusing to sign the document." *Id.*

Similarly, here, the parties entered into the Settlement Agreement which, like the MOU, contains a confession of judgment provision like the one in *Febus*. Specifically, the Agreement here provides:

> Upon signing of this settlement agreement, Defendants shall execute a Confession of Judgment, jointly and severally, in the amount of **Forty Thousand Dollars and**

7

**Zero Cents ($40,000.00),** less total amount of any payments made pursuant to this Agreement, and counsel for the Plaintiff, Helen F. Dalton & Associates, P.C. shall hold the Confession of Judgment in escrow pending the entire payment of the funds set forth in Paragraph 1. Thus, in the event of a default and failure to cure such default in accordance with 2(b), the amount of such judgment shall at times be equal to $40,000.00 less the total amount of any payments made.

In the event Defendants are in default of any of the payments or fail to provide the post-dated checks as specified in Paragraph 1 of this Agreement, Plaintiff shall provide seven (7) calendar days written notice to Defendants' counsel, Martin Silver, Esq., via electronic mail **(mspc@martinsilverlaw.com)** of the default. If Defendants do not cure the defect within seven (7) calendar days of receipt of the notice, then all settlement monies owed under this Agreement shall be immediately due in their entirety.

In the event of such a default and entry of such judgment as described above, Defendants agree to pay and be indebted to Plaintiff for statutory costs, reasonable attorneys' fees incurred in the process of entering and enforcing the judgment, and interest on the judgment.

(ECF No. 26-1, Confession of Judgment (a)-(c)).

Moreover, the Settlement Agreement negotiated after "arm's length negotiations between experienced wage and hour attorneys," following a Court settlement conference which supports a finding that there was a meeting of the minds on the Confession of Judgment provision. Indeed, the parties filed their *Cheeks* motion and submitted the fully executed Settlement Agreement for Court approval. By doing so, the parties effectively represented to the Court that they jointly agreed to the Settlement Agreement's terms.

Additionally, like in *Febus*, the Confession of Judgment here expressly states that "[i]n the event of such a default . . . Defendants *agree to pay*" Plaintiff for certain expenses and costs. (ECF No. 26-1, Confession of Judgment (c)). Nor do Defendants offer any excuse or justification for why they have not executed a Confession of Judgment to date. *See M & I Marshall & Ilsely Bank v. Timberland Props., Inc.*, No. 09–Cv–0171, 2009 WL 4807312, at *1 (W.D. Mo. Dec. 7, 2009) (granting plaintiff's motion

8

to enforce the settlement agreement where "Defendants have breached the explicit terms of the settlement agreement by failing to sign the confession of judgment and failing to remit payment to Plaintiff" and have "not provided any justification for their failure to sign the confession of judgment").

Even though the Confession of Judgment itself was not executed by Defendants, the Court is persuaded by the reasoning in *Febus* and finds that the lack of execution of the Confession of Judgment does not bar enforcement of the Agreement for the amounts owed. *See, e.g.*, *Onfroy v. Law Offices of Geoffrey T. Mott, P.C.*, No. 22-CV-2314 (EK) (SDE), 2025 WL 3525790, at *2 (E.D.N.Y. Dec. 9, 2025) (granting plaintiff's motion to enforce the judgment against defendant who defaulted under the terms of the settlement agreement and who failed to execute a confession of judgment and direct the defendant to pay the defaulted amount owed under the confession of judgment provision); *Mack v. Rev Worldwide, Inc.*, No. 1:21-CV-133, 2025 WL 1156042, at *3-4 (W.D. Tex. Feb. 26, 2025) (granting plaintiff's motion for entry of final judgment, despite defendant's argument that it never signed the confession of judgment as required under the settlement agreement, considering the parties "reached a definite agreement on all essential terms" and defendant "ma[d]e no argument that the [agreement] [was] not a binding contract"); *Huntington National Bank v. Senergy Consulting Group, Inc.*, No. 22-CV-1507 (NEB/TNL), 2024 WL 4544106, at *1-2 (D. Minn. June 21, 2024) (granting plaintiff's unopposed motion to enforce the settlement agreement after analyzing the clear terms of the settlement agreement which the parties mutually entered into notwithstanding the fact that defendants had not signed the confession of judgment).

Accordingly, the branch of Plaintiff's motion seeking entry of judgment against Defendants in the amount of $39,333.33 is granted.

### ii.    **Statutory Costs**

Plaintiff requests "statutory costs in connection with moving for" entry of judgment. (ECF No. 31 at p. 2.) The Settlement Agreement provides that "Defendants agree to pay and be indebted to Plaintiff for statutory costs" in the event of a default. (*See* ECF No. 26-1, Confession of Judgment (§2.c)). However, neither the Settlement Agreement nor the present motion define "statutory costs." This lack of specificity and ambiguity alone is sufficient cause to deny Plaintiff's request.

Read charitably in light of similar clauses in other cases, the Court surmises that "statutory costs"[2] here could very well refer to the costs set forth in 28 U.S.C. § 1920 and its subsequent provisions.[3] *See Pelekis v. SeaFood of the Gods Group, LLC*, 2019 U.S. Dist. LEXIS 33073, at *2 (S.D.N.Y. Mar. 1, 2019) (confession of judgment entitling plaintiff to "recoup statutory costs" pursuant to 28 U.S.C. § 1920, 1921, 1923, and 1925); *Nanduca v. R&A King Corp.*, 2016 U.S. Dist. LEXIS 183566, at *17 (S.D.N.Y. Apr. 13,

---

[2] "Statutory interest" as opposed to "statutory costs" oftentimes refers to pre-judgment interest. *See Jean v. Auto & Tire Spot Corp.*, No. 09–CV–5934, 2013 WL 2322834, at *5 (E.D.N.Y. May 28, 2013) (noting that plaintiff's request for "statutory interest" under the settlement agreement "presumably [] refer[red]" to prejudgment interest).

[3] 28 U.S.C. § 1920 provides that:

A judge or clerk of any court of the United States may tax as costs the following: (1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees under section 1923 of this title; [and] (6) [c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

10

2016) (confession of judgment providing for entitlement to "statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924" for a breach of the settlement); *Chen v. AAA Recycle Management, LLC*, No. 17-8754, 2018 WL 6272734, at \*1 (D.N.J. Nov. 30, 2018) (same).

Even assuming the Settlement Agreement's "statutory costs" refer to costs under § 1920, however, the Court still cannot grant Plaintiff's request. Courts grant costs under § 1920 only after the moving party has submitted an itemized list of costs sought. "The Court cannot award costs without the underlying invoices." *Brand Advance, LLC v. Brand Advance UK*, No. 24 CV 8384 (EK) (PCG), 2026 WL 443990, at \*13 (E.D.N.Y. Jan. 27, 2026), *report and recommendation adopted*, No. 24-CV-8384(EK)(PCG), 2026 WL 412146 (E.D.N.Y. Feb. 13, 2026); *see also, e.g.*, *Murphy v. Autozoners, LLC*, No. 22 CIV. 911 (OEM) (VMS), 2026 WL 585106, at \*2 (E.D.N.Y. Mar. 2, 2026) (awarding $4,789.15 for court reporters and several deposition transcripts); *Restrepo v. Mech. Elec. Corp.*, 806 F. Supp. 3d 323, 333 (E.D.N.Y. 2025) (granting $521.85 in court filing fees and service charges). Here, Plaintiff's application is silent as to what is sought for statutory costs.  No itemized invoices have been submitted in support as well. Accordingly, that branch of Plaintiff's motion seeking "statutory costs" is denied.

### iii.   <u>Attorneys' Fees</u>

Plaintiff requests an award of attorneys' fees and costs incurred in "entering and enforcing the judgment." (ECF No. 31-2.) According to the Settlement Agreement, "Defendants agree to pay and be indebted to Plaintiff for . . . reasonably attorneys' fees incurred in the process of entering and enforcing the judgment . . . ." (ECF No. 26-1, Confession of Judgment (c)).

It is beyond peradventure that courts will award attorneys' fees incurred in enforcing a settlement agreement where the settlement agreement expressly provides for such an award. *See, e.g., Salto*, 2020 WL 4383674, at *7 (awarding attorneys' fees incurred in bringing the motion to enforce the settlement agreement in a FLSA/NYLL action); *Tolomei v. Hess Restorations, Inc.*, No. 23-CV-52 (JPO), 2025 WL 1616904, at *3 (S.D.N.Y. June 6, 2025). For an award of attorneys' fees and costs to be recoverable, however, they must be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done. *Ferrara v. CMR Contracting LLC*, 848 F. Supp. 2d 304, 313 (E.D.N.Y. 2012) (citing *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172 (2d Cir. 1998)); *Jackson v. Nassau County*, 602 F. Supp. 3d 352, 355–56 (E.D.N.Y. 2022). Plaintiff's motion does not include any of this information, let alone even include a requested figure of attorneys' fees and costs incurred in the process of entering and enforcing the judgment. Accordingly, that branch of Plaintiff's motion seeking attorneys' fees and costs is denied without prejudice and with leave to renew upon submitting contemporaneous time records detailing the matters worked on, the hourly rates charged by those billing for the motion, an affidavit as to the legal experience of those billing for the motion, and any other proof necessary for the Court to determine a "reasonable" fee.

### iv.    **Post-Judgment Interest**

Plaintiff seeks "post-judgment interest" to be calculated from the date the Clerk enters a judgment until the date of payment. (ECF No. 31-2.) According to the express terms of the Settlement Agreement, Plaintiff is entitled to "interest on the judgment" in the event of default by Defendants. (ECF No. 26-1, Confession of Judgment (c)).

28 U.S.C. § 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). "The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered." *See Duffy v. Oyster Bay Indus., Inc.*, No. 10-CV-3205 (ADS) (ETB), 2011 WL 2259798, at *3 (E.D.N.Y. Mar. 29, 2011), *report and recommendation adopted*, 2011 WL 2259749 (E.D.N.Y. June 2, 2011). Here, having found Plaintiff established his entitlement to $39,333.33 from Defendants, Plaintiff is also entitled to post-judgment interest from the date the Clerk of Court enters judgment until the date of payment.

**v.      15% Penalty Under NYLL**

Plaintiff requests a "fifteen percent (15%) increase if judgment is not paid within ninety (90) days, as provided for" under the NYLL. (ECF No. 31-2.) The Settlement Agreement is silent as to Plaintiff's entitlement to this requested relief. Section 198(4) of the NYLL states that any judgment awarding remedies under that section "shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." This increase, however, applies only where "a court issues a judgment based upon a NYLL cause of action." *Perry v. High Level Dev. Contracting & Sec. LLC*, No. 20-cv-2180 (AMD) (PK), 2022 WL 1018791, at *14 (E.D.N.Y. Mar. 16, 2022), *report and recommendation adopted*, 2022 WL 1017753 (E.D.N.Y. Apr. 5, 2022); *Minecci v. Carlyle at the Omni, Inc.*, 2:16-CV-05134 (JS) (GRB), 2019 WL 1760683, at *1 (E.D.N.Y. Mar. 21, 2019) (in FLSA case, recommending that plaintiffs' motion to enforce the parties' court-approved settlement agreement be granted), *report and*

*recommendation adopted*, 2019 WL 1757776 (E.D.N.Y. Feb. 27, 2019); *Barbecho v. Matrat LLC*, No. 15 CV 00170-LTS, 2021 WL 3862662, at *3 (S.D.N.Y. Aug. 30, 2021) (granting the motion to enforce settlement agreement but denying the requested relief pursuant to NYLL Section 198(4) because this "failure to pay" provision is only included when the court issues a judgment based upon a NYLL cause of action) (citations and internal quotations omitted). This provision, therefore, is inapplicable here where Court is "enforcing a settlement agreement, which is fundamentally a cause of action sounding in breach of contract," not under the NYLL. *Minecci*, 2019 WL 1757776, at *2. Accordingly, that branch of Plaintiff's motion seeking additional relief under Section 198(4) of the NYLL is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to enforce the judgment (ECF No. 31) is

**GRANTED in part and DENIED in part**, as follows:

1. Judgment shall be entered against Defendants jointly and severally for $39,333.33 plus post-judgment interest, however, only following a decision on the renewed motion for attorneys' fees described in (4) below.

2. Plaintiff's request for statutory costs pursuant to the Confession of Judgment provision of the Settlement Agreement (§2.c) is denied.

3. Plaintiff's request for a 15% increase under Section 198(4) of the NYLL is denied.

4. Plaintiff's request for attorneys' fees and costs is denied without prejudice and with leave to renew in a separate application and upon submission of contemporaneous time records reflecting the proof necessary for the Court to determine a "reasonable" fee. The renewed motion for attorneys' fees shall be filed on or before April 24, 2026, with any opposition to be filed on or before May 1, 2026. In the event a motion for attorneys' fees is not filed by that date, the Clerk of the Court shall enter judgment in the amount set forth in (1) above.

Dated: Central Islip, New York
April 14, 2026

S O   O R D E R E D:
/s/ *James M. Wicks*

14

JAMES M. WICKS
United States Magistrate Judge