**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
LUIS MEJIA, *individually and on behalf of all*
*others similarly situated*,

                       *Plaintiff*,


                -against-


JOSE I. LANDSCAPING INC. and JOSE
CANALES, as an individual,

                       *Defendants*.
-----------------------------------------------------------------X

**FILED**
**CLERK**

**7/2/2026**

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

<u>**ORDER**</u>

23-cv-05936 (JMW)

**A P P E A R A N C E S:**

> Elisabeth Cimi
> **Helen F. Dalton & Associates**
> 80-02 Kew Gardens Road, Suite 601
> Kew Gardens, NY 11415
> *Attorneys for Plaintiff*

**WICKS,** Magistrate Judge:

On April 14, 2026, the Court issued a Memorandum and Order (the "April Order"),
granting in part and denying in part, Plaintiff's Motion to Enforce the Judgment (ECF No. 31).
(ECF No. 36.) The April Order denied Plaintiff's request for attorneys' fees and costs without
prejudice and with leave to renew in a separate application and upon submission of
contemporaneous time records reflecting the proof necessary for the Court to determine a
"reasonable" fee. (*Id.* at 14.) Now before the Court, in accordance with the April Order, is
Plaintiff's Motion for Attorneys' Fees (ECF No. 37), which is unopposed. (*See* Electronic Order
dated 4/26/2026; ECF No. 38.) For the reasons that follow, Plaintiff's Motion for Attorneys' Fees
(ECF No. 37), in the amount of **$2,202.50**, is **GRANTED**.

1

**<u>DISCUSSION</u>**

Having already determined that attorneys' fees incurred in enforcing a settlement agreement where the settlement agreement expressly provides for such an award are recoverable (*see* ECF No. 36 at 12), the Court must determine the reasonableness of the fees requested. *See Tolomei v. Hess Restorations, Inc.*, No. 23-CV-52 (JPO), 2025 WL 1616904, at \*3 (S.D.N.Y. June 6, 2025), *appeal withdrawn*, No. 26-133, 2026 WL 1122382 (2d Cir. Feb. 13, 2026) ("Defendants also seek attorney's fees and costs incurred by enforcing the settlement. … On such matters, the Court 'must adhere to the terms of the Settlement Agreement.' … Pursuant to such terms, the Court awards Defendants attorney's fees and costs incurred by the instant motion to enforce the settlement.")

"We now turn to the heart of plaintiff's application for fees, which we assess via the long-recognized criteria under the rubric of a lodestar analysis." *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 20–21 (S.D.N.Y. 2015). "The method for determining reasonable attorneys' fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases." *Scelsi v. Habberstad Motorsport Inc.*, No. 19-CV-4315 (FB), 2021 WL 6065768, at \*2 (E.D.N.Y. Dec. 22, 2021) (referencing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184, 186 n.3, 190 (2d Cir. 2008)). Once a reasonable hourly rate is determined, the Court must then "multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee." *Id.* (referencing *Arbor Hill*, 522 F.3d at 190). When analyzing an application for attorneys' fees, "excessive, redundant or otherwise unnecessary hours" will be

2

excluded. *Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433-35, 440 (1983)).

Additionally, the party seeking fees must provide contemporaneous time records, which reflect time spent by each attorney and the tasks completed. *See Roma v. Carmili*, No. 23-CV-4072 (KAM), 2026 WL 375823, at *2 (E.D.N.Y. Feb. 10, 2026) (discussing reasonableness and contemporaneous time records). Here, counsel for Plaintiff has submitted contemporaneous billing records in support of the fee application reflecting the hours expended in connection with enforcing the judgment. (ECF Nos. 37-1, 37-2.)

## I.     Reasonable Hourly Rate

Courts in the Eastern District of New York have recognized that reasonable hourly rates for experienced attorneys may range from approximately $450 to $650, with the highest rates generally reserved for highly experienced trial attorneys recognized as leaders in their fields. *See Rubin v. HSBC Bank USA,* NA, 763 F. Supp. 3d 233, 243–44 (E.D.N.Y. 2025) ("Adjusted for inflation and market conditions, I have rounded out the forum rates in the Eastern District to now be $450-$650 for partners, $300-$450 for senior associates, $150-$300 for junior associates, and $100-$150 for paralegals.") Courts also consider an attorney's experience in the field and other factors when assessing the reasonableness of a requested hourly rate. *See Roma*, 2026 WL 375823, at *2 (discussing comparable skills and experience in fee applications). Plaintiff request attorneys' fees in the amount of $2,202.50, which is for work performed by four attorneys and one paralegal from the firm of Helen F. Dalton & Associates, P.C. Each is analyzed separately.

First, Roman Avshalumov ("Avshalumov") is an attorney with over fifteen years of experience in representing parties in labor law cases. (ECF No. 37-2 at 3.) "Avshalumov has tried numerous labor/employment cases and has settled over a hundred more." (*Id.*)

3

Avshalumov's hourly rate is $500.00. (*Id.*) Second, James O'Donnell ("O'Donnell") is an attorney with ten years of experience and "is the head of the labor law practice group and managing attorney at Helen F. Dalton & Associates, P.C. and oversees all labor and employment matters and litigation at the firm." (*Id.*) Likewise, O'Donnell has worked on "hundreds" of similar matters within the Second Circuit. (*Id.*) O'Donnell's hourly rate is $400.00. (*Id.*) Therefore, the Court finds the rates of Avshalumov and O'Donnell reasonable and accepted given their level of experience in this very field. Indeed, Courts in this District have approved these requested hourly rates. *See Naraine v. Washdry Tech Inc.*, 749 F. Supp. 3d 398, 410 (E.D.N.Y. 2024) (granting a seasoned attorney's fees with an hourly rate of $500) ("This Court also finds Mr. Hassan's hourly rate reasonable and notes that this rate has been accepted by other courts in this circuit."); *Polyakov v. Pen Enters., Inc.*, 786 F. Supp. 3d 557, 566 (E.D.N.Y. 2025) (same).

Third, Katelyn M. Schillaci ("Schillaci") is a junior associate that specializes in wage-and-hour matters, and her hourly rate is $250.00. (ECF No. 37-2 at 3.) Fourth, Elisabeth Cimi ("Cimi") is a first-year associate who also specializes in wage-and-hour matters, and her hourly rate is $175.00. (*Id.*) Lastly, the firm of Helen F. Dalton & Associates, P.C., charges $100.00 per hour for paralegal services. (*Id.* at 4.) These rates are routinely awarded. *See Ruiz v. MAP Foods Inc.*, No. 24-CV-02257 (JMW), 2024 WL 4350619, at *6 (E.D.N.Y. Sept. 30, 2024) (internal citation omitted) (finding that "rates of '$350-$450 per hour for partner time, $250-$300 per hour for associate time, and $125-$175 per hour for paralegal time ... are reasonable and consistent with rates allowed in this district.'"). Indeed, the hourly rates of Helen F. Dalton & Associates, P.C., are frequently awarded. *See e.g., Paola Marina Roto Dutan v. Odd Construction Inc.*, No. 25-CV-05831 (HG), 2026 WL 1623316, at *3 (E.D.N.Y. June 5, 2026);

4

*Guevara Nolasco v. Sunrise Metal Inc.*, No. 24-CV-08057 (JMW), 2025 WL 3033763, at \*2 (E.D.N.Y. Oct. 30, 2025).

Accordingly, the hourly rates requested are fair and reasonable.

## II.     Reasonable Hours Billed

After determining the appropriate hourly billing rate, the Court must then calculate the hours reasonably expended. *Maldonado v. La Nueva Rampa, Inc.*, No. 10-CV-8195 (LLS) (JLC), 2012 WL 1669341, at \*13 (E.D.N.Y. May 14, 2012). In making this determination, "[t]he relevant issue ... is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Ballard v. James Dzurenda, Sheriff, et al.*, No. 20-CV-05241 (MKB) (JMW), 2026 WL 673249, at \*3 (E.D.N.Y. Mar. 10, 2026) (quoting *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)). As such, courts consider attorneys' hours "in light of the extent and nature of the legal tasks they performed." *CIT Bank, N.A. v. Ayers*, No. 15-CV-7256 (JFB) (SIL), 2017 WL 6816486, at \*4 (E.D.N.Y. Dec. 5, 2017). Courts also look to what is billed and whether the work performed is in connection with the instant motion for attorneys' fees. *See Superb Motors Inc. v. Deo*, No. 23-CV-6188 (JMW), 2025 WL 1770553, at \*3-4 (E.D.N.Y. June 26, 2025) ("discretion lies with the Court to reduce fees, where entries are broad, or an attorney uses block billing methods … [and] "the work performed []appears reasonably related to the instant motion for attorneys' fees").

Here, the billing records submitted reflect tasks including correspondence with defense counsel regarding the default in payments, updating the client, drafting the appropriate motions in connection with enforcement of the judgment preparing and attending the motion hearing. (ECF No. 37-1.) The total hours spent here equal 7.4 hours. Upon review, the Court finds that the

5

hours expended were reasonable, not redundant, nor excessive, and should be awarded in full. *See Torres v. K & T Provisions, Inc.*, No. 20-CV-5642 (WFK)(MMH), 2025 WL 942797, at *4 (E.D.N.Y. Mar. 28, 2025), *report and recommendation adopted sub nom. Torres v. K&T Provisions, Inc.*, No. 20-CV-5642 (WFK) (MMH), 2025 WL 1135408 (E.D.N.Y. Apr. 17, 2025) ("The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary … [and thus,] should [be] reduce[d]….") Therefore, the hours billed are reasonable, and are broken down as follows:

| Attorney: | Hourly Rate: | Hours Billed: | Hours Awarded: | Total Fee Requested: | Final Fee Award: |
|---|---|---|---|---|---|
| Avshalumov | $500.00 | 1.5 | 1.5 | $750.00 | $750.00 |
| O'Donnell | $400.00 | 2 | 2 | $800.00 | $800.00 |
| Schillaci | $250.00 | .5 | .5 | $125.00 | $125.00 |
| Cimi | $175.00 | 2.5 | 2.5 | $437.50 | $437.50 |
| Paralegal Services | $100.00 | .9 | .9 | $90.00 | $90.00 |
| **Total:** | _____ | 7.4 | 7.4 | $2,202.50 | $2,202.50 |

Accordingly, Plaintiff's requested application for attorneys' fees of 7.4 hours times the reasonable hourly rates outlined above totalling $2,202.50 is approved.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees (ECF No. 37) is

**GRANTED**, and in accordance with the Court's April Order, the Clerk of the Court is directed

to enter judgment in the amount set forth at ECF No. 36, and the judgment shall include the

attorneys' fees awarded.[1]

Dated:   Central Islip, New York
         July 2, 2026

                              **S O   O R D E R E D:**

                              /s/ *James M. Wicks*
                              JAMES M. WICKS
                              United States Magistrate Judge

---

[1] The April Order stated, "[j]udgment shall be entered against Defendants jointly and severally for $39,333.33 plus post-judgment interest, however, only following a decision on the renewed motion for attorneys' fees described in (4) below." (ECF No. 36 at 14.)

7